UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-00225-KDB
3:20-cr-00155-KDB-DCK-1

| | |
|---|---|
| ISHMEEL QYSHAWN CHAPMAN,   )<br>                                                              )<br>                        **Petitioner,**   )<br>                                                              )<br>**vs.**                                                 )<br>                                                              )<br>**UNITED STATES OF AMERICA,**   )<br>                                                              )<br>                        **Respondent.**   )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on Petitioner's Pro Se Motion to Vacate Sentence under 28 U.S.C. § 2255. [CV Doc. 1].[1]

## I.     BACKGROUND

On May 19, 2020, a federal grand jury charged Petitioner with one count of conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) (Count One); one count of Hobbs Act robbery and aiding and abetting the same in violation of 18 U.S.C. §§ 1951 and 2 (Count Two); one count of aiding and abetting the use and carry of a firearm, and in furtherance of a crime of violence, that is, Hobbs Act robbery charged in Count Two, "did knowingly possess" one or more firearms, and that such firearm was brandished in violation of 18 U.S.C. § 924(c)(1)(a)(ii), all in violation of 18 U.S.C. §§ 924(c) and 2 (Count Three); and one count of being a felon-in-possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count Four). [CV Doc. 9: Bill of Indictment]. At the time of issuance of the arrest warrant, Petitioner was detained at the

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 3:23-CV-00225, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 3:20-CR-00155-KDB-DCK-1.

Mecklenburg County Jail in Charlotte, North Carolina. [See CR Doc. 3]. Petitioner was ordered detained pending trial. [CR Doc. 17]. On October 22, 2020, after multiple motions to continue the trial in this matter, [CR Docs. 19, 21, 23], Petitioner moved pro se for inquiry of status of counsel, [CR Doc. 25]. Petitioner stated that he "want[ed] to fire his lawyer for ineffective assistance of counsel" and that he was "not comfortable" with his attorney. [Id.]. The Court denied the motion after a hearing, noting that counsel "is doing the best he can to help Defendant sort through difficult legal and procedural options (including that Defendant may be an armed career criminal).[2]" [10/27/2020 Docket Entry]. The Court noted that the trial was set for December 2020 and would not likely be continued again. [Id.]. Approximately two weeks later, Petitioner's counsel moved for inquiry into status of counsel "to consider [Petitioner's] request to represent himself and/or reconsider his prior request for new counsel." [CR Doc. 27]. On November 13, 2020, the Court conducted a hearing at which Petitioner advised that he intended to retain new counsel, but he had not yet done so. The Court noted that Petitioner's attorney would "remain in the case for now." [11/13/2020 Docket Entry].

On November 18, 2020, with no new counsel having appeared for Petitioner, the parties filed a Plea Agreement. [CR Doc. 29]. Petitioner agreed to plead guilty to Counts Two and Three and the Government agreed to dismiss Counts One and Four. [Id. at ¶¶ 1-2]. Pursuant to the plea agreement, the parties agreed to jointly recommend an upward variance of between four and six levels to a sentencing range of 168 to 209 months' imprisonment, which included the mandatory

---

[2] The Armed Career Criminal Act (ACCA) provides significantly higher penalties for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), when the felon has previously been convicted of three or more "predicate offenses." United States v. Mungro, 754 F.3d 267, 268 (4th Cir. 2014). These predicate offenses include violent felonies and serious drug offenses. Id. (citing 18 U.S.C. § 924(e)(1)). Violations of § 922(g) are normally punishable by no more than ten years' imprisonment. Id. (citing 18 U.S.C. § 924(a)(2)). Under the ACCA, however, this sentence increases to a mandatory minimum of fifteen years' imprisonment. Id. (citing 18 U.S.C. § 924(e)(1)).

seven-year term under § 924(c). The parties agreed not to seek a departure or variance from that range. [Id. at ¶ 8(f)].

After a Rule 11 proceeding, the Court accepted Petitioner's guilty plea, finding it knowingly and voluntarily made. [CR Doc. 31: Entry and Acceptance of Guilty Plea]. Before sentencing, a probation officer prepared a Presentence Investigation Report (PSR). [CR Doc. 40: PSR]. The probation officer recommended a total offense level of 21 and a criminal history category of IV, yielding a guidelines range of 57 to 71 months, plus a mandatory consecutive sentence of seven years on Count Three, for a total range of 141 to 155 years. [Id. at ¶¶ 34, 45]. The probation officer noted that, absent the plea agreement, Petitioner's sentence would have been subject to a mandatory minimum 15-year ACCA sentence on Count Four.[3] [Id. at ¶ 73]. At sentencing, the Court varied above the guidelines range, finding the parties' plea agreement for a variance to be reasonable, and sentenced Petitioner to a term of imprisonment of 71 months on Count Two and a consecutive term of 121 months on Count Three, for a total term of imprisonment of 192 months. [CR Doc. 45: Judgment; CR Doc. 46: Statement of Reasons]. The Court noted "the seriousness of the offense in that defendant pointed a gun at a child and struck the cashier to the ground." [CR Doc. 46 at 3]. Judgment on Petitioner's conviction was entered on April 9, 2021. [Doc. 45]. Petitioner did not file a direct appeal.

On April 17, 2023, Petitioner filed a pro se motion to vacate sentence under 28 U.S.C. § 2255. [CV Doc. 1]. In his § 2255 motion, Petitioner claims, in sum, that: (1) his attorney operated under a conflict of interest because Petitioner's "interests do diverge with respect to some factual or legal issues" and "courses of action were not taken," violating his Sixth Amendment right to counsel; (2) he is "actually innocent" of Count Three under United States v. Taylor, 142 S.Ct. 2015

---

[3] Accordingly, with the mandatory consecutive 7-year sentence for violation of § 924(c), Petitioner's minimum sentence would have been 264 months without the plea agreement.

(2022),[4] because "Hobbs Act Robbery Aiding & Abetting is 'no longer' a crime of violence;" (3) he received ineffective assistance of counsel because his attorney failed to conduct adequate legal research, failed to thoroughly review the Indictment, and failed to move to dismiss the fatally defective Indictment as to Counts Two and Three; (4) he received ineffective assistance of counsel at sentencing because his attorney failed to argue Petitioner was entitled to a downward variance or departure under U.S.S.G. §5G1.3(b) or (c) or U.S.S.G. §5K2.23 based on the Jail Time Credit that was credited to Petitioner's state but not federal sentence; (5) he received ineffective assistance of counsel because his attorney failed to object to the Court "literally altering and/or amending his Indictment" where he was charged with "use and carry in furtherance of a crime of violence" and actually convicted of aiding and abetting the possession and brandishing of a firearm; and (6) his attorney was ineffective for failing to file a notice of appeal "as instructed to do so" by Petitioner. [CV Doc. 1 at 4-9, 11-16, 18-21]. On this sixth ground for relief, Petitioner contends that Grounds One, Three, Four, and Five were not raised earlier because his attorney failed to appeal. [CV Doc. 1 at 17]. For relief, Petitioner asks that he be allowed to withdraw his guilty plea to Counts Two and Three and cure the ineffectiveness, that his 192-month sentence be vacated, or that the Court vacate his conviction on Count Three. [CV Doc. 1 at 23].

Petitioner addresses timeliness in his petition. [Id. at 22]. As to his second ground for relief, Petitioner argues that, under 28 U.S.C. § 2255(f)(3), it was timely filed within one year of the Supreme Court's decision in Taylor. As to Grounds One, Three, Four, Five, and Six, Petitioner argues that these claims are timely asserted under § 2255(f)(2) due to a "government impediment" and "his one year statute of limitations period did not start until he transferred to federal custody

---

[4] In Taylor, the Supreme Court found held that attempted Hobbs Act robbery does not categorically qualify as a crime of violence under § 924(c)(3)(A)'s force clause. 142 S.Ct. at 2021, 2025.

in November of 2022."[5] Petitioner also appears to claim that he did not have access "to his AEDPA statute of limitations period; the Rules Governing 2255 Proceedings; his federal property; and federal law library computers" until after April 22, 2022. [Id. at 22]. Petitioner argues, alternatively, that his motion to vacate should be deemed timely through equitable tolling "especially through the COVID-19 pandemic." [Id.].

## II. STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that Petitioner's motion can be resolved without an evidentiary hearing based on the record and governing law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. ANALYSIS

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 by imposing a one-year statute of limitations period for the filing of a motion to vacate. Such amendment provides:

---

[5] Inexplicably, Petitioner also claims that his conviction became final on April 22, 2022. [CV Doc. 1 at 22].

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, Petitioner's conviction became final for purposes of Section 2255(f) on April 23, 2021, when his deadline to appeal expired. See United States v. Clay, 537 U.S. 522, 524-25 (2003) (when a defendant does not appeal, his conviction becomes final when the opportunity to appeal expires). Petitioner, however, did not file the instant motion to vacate until almost two years later, on April 17, 2023. Petitioner argues that his claim on his second ground for relief is timely because it was brought within a year of Taylor. Taylor provides Petitioner no relief. Petitioner's predicate crime of violence was aiding and abetting Hobbs Act robbery, not attempted Hobbs Act robbery. Section 2255(f)(3), therefore, does not save this ground for relief.

Petitioner also argues that "government impediment" prevented him from timely moving to vacate based on Grounds One, Three, Four, Five, and Six. That is, he claims that he was not transferred from state to federal custody until November 2022 and, before then, he lacked "access" to the limitations period, his federal property, and law library computers. Petitioner has identified no unlawful government action that prevented him from filing the motion to vacate. See 28 U.S.C.

§ 2255(f)(2).  Section 2255(f)(2) does not apply.  Petitioner's motion, therefore, is untimely and barred by the AEDPA.

Additionally, Petitioner has not stated adequate grounds for the application of equitable tolling.  To be entitled to equitable tolling, "an otherwise time-barred petitioner must present '(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.'"  United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003), cert. denied, 541 U.S. 905, 124 S. Ct. 1605 (2004)).  A petitioner must show he has been "pursuing his rights diligently."  Holland v. Florida, 560 U.S. 631, 649 (2010).  Further, equitable tolling is limited to "rare instances – where due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result."  Whiteside v. United States, 775 F.3d 180, 184 (4th Cir. 2014) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003)).

In support of equitable tolling, Petitioner only vaguely references the COVID-19 pandemic. The Court also considers Petitioner's contention that he lacked "access" to the limitations period, his federal property, and law library computers in the context of equitable tolling.  Ignorance of the law, however, does not excuse the failure to comply with or otherwise toll AEDPA's limitations period.  See Johnson v. United States, 544 U.S. 295, 311 (2005). Petitioner has not shown that he was prevented from timely filing this motion, nor does it appear that a gross injustice would result from enforcing the limitations period against Petitioner.  Because Petitioner addressed the timeliness issue in his original petition, the Court need not provide Petitioner any additional opportunities to address this issue.  See Whitener v. United States, No. 3:14-cv-600-MOC, 2014 WL 7339188 (Dec. 23, 2014); Cureton v. United States, 2007 WL

7

1651437, n.1 (W.D.N.C. June 2, 2007). As such, Petitioner's claim is untimely under § 2255(f) and equitable tolling does not apply. The Court will, therefore, dismiss Petitioner's motion to vacate on initial review.[6]

IV.   **CONCLUSION**

For the reasons stated herein, Petitioner's Section 2255 motion is untimely and is denied and dismissed with prejudice.

The Court further finds that Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that the Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. at 484-85. As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate Sentence under 28 U.S.C. § 2255 [Doc. 1] is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability.

---

[6] To be sure, Petitioner asserts that Grounds One, Three, Four, and Five were not raised earlier because his attorney did not file a notice of appeal as instructed. Claims of ineffective assistance of counsel, however, may only be raised on direct appeal "when the record conclusively establishes ineffective assistance," United States v. McQueen, 254 Fed. App'x 170, 171 (4th Cir. 2007), and these grounds for relief are unsupported by the record in any event.

**IT IS SO ORDERED.**

Signed: May 11, 2023

*[signature]*

Kenneth D. Bell
United States District Judge