UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-00225-KDB
3:20-cr-00155-KDB-DCK-1

| | |
|---|---|
| ISHMEEL QYSHAWN CHAPMAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** comes before the Court on Petitioner's Motion to Alter or Amend a Judgment [CV Doc. 4][1] pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.

On May 19, 2020, a federal grand jury charged Petitioner with one count of conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) (Count One); one count of Hobbs Act robbery and aiding and abetting the same in violation of 18 U.S.C. §§ 1951 and 2 (Count Two); one count of aiding and abetting the use and carry of a firearm, and in furtherance of a crime of violence, that is, Hobbs Act robbery charged in Count Two, "did knowingly possess" one or more firearms, and that such firearm was brandished in violation of 18 U.S.C. § 924(c)(1)(a)(ii), all in violation of 18 U.S.C. §§ 924(c) and 2 (Count Three); and one count of being a felon-in-possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count Four). [CV Doc. 9: Bill of Indictment]. On October 22, 2020, after multiple motions to continue the trial in this matter, [CR Docs. 19, 21, 23], Petitioner moved pro se for inquiry of status of counsel, [CR Doc. 25]. Petitioner

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 3:23-cv-00225-KDB, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 3:20-cr-00155-KDB-DCK-1.

stated that he "want[ed] to fire his lawyer for ineffective assistance of counsel" and that he was "not comfortable" with his attorney. [Id.]. The Court denied the motion after a hearing, noting that counsel "is doing the best he can to help Defendant sort through difficult legal and procedural options (including that Defendant may be an armed career criminal)." [10/27/2020 Docket Entry]. The Court noted that the trial was set for December 2020 and would not likely be continued again. [Id.]. Approximately two weeks later, Petitioner's counsel moved for inquiry into status of counsel "to consider [Petitioner's] request to represent himself and/or reconsider his prior request for new counsel." [CR Doc. 27]. On November 13, 2020, the Court conducted a hearing at which Petitioner advised that he intended to retain new counsel, but he had not yet done so. The Court noted that Petitioner's attorney would "remain in the case for now." [11/13/2020 Docket Entry].

On November 18, 2020, with no new counsel having appeared for Petitioner, the parties filed a Plea Agreement. [CR Doc. 29]. Petitioner agreed to plead guilty to Counts Two and Three and the Government agreed to dismiss Counts One and Four. [Id. at ¶¶ 1-2]. Pursuant to the plea agreement, the parties agreed to jointly recommend an upward variance of between four and six levels to a sentencing range of 168 to 209 months' imprisonment, which included the mandatory seven-year term under § 924(c). The parties agreed not to seek a departure or variance from that range. [Id. at ¶ 8(f)].

Petitioner pleaded guilty pursuant to this agreement on December 1, 2020. [CR Doc. 31: Entry and Acceptance of Guilty Plea]. Before sentencing, a probation officer prepared a Presentence Investigation Report (PSR). [CR Doc. 40: PSR]. The probation officer recommended a total offense level of 21 and a criminal history category of IV, yielding a guidelines range of 57 to 71 months, plus a mandatory consecutive sentence of seven years on Count Three, for a total range of 141 to 155 years. [Id. at ¶¶ 34, 45]. The probation officer noted that, absent the plea

agreement, Petitioner's sentence would have been subject to a mandatory minimum 15-year ACCA sentence on Count Four.[2] [Id. at ¶ 73]. At sentencing, the Court varied above the guidelines range, finding the parties' plea agreement for a variance to be reasonable, and sentenced Petitioner to a term of imprisonment of 71 months on Count Two and a consecutive term of 121 months on Count Three, for a total term of imprisonment of 192 months. [CR Doc. 45: Judgment; CR Doc. 46: Statement of Reasons]. The Court noted "the seriousness of the offense in that defendant pointed a gun at a child and struck the cashier to the ground." [CR Doc. 46 at 3]. Judgment on Petitioner's conviction was entered on April 9, 2021. [Doc. 45]. Petitioner did not file a direct appeal.

On April 17, 2023, Petitioner filed a pro se motion to vacate sentence under 28 U.S.C. § 2255. [CV Doc. 1]. As grounds, Petitioner claimed that: (1) his attorney operated under a conflict of interest, violating his Sixth Amendment right to counsel; (2) he is "actually innocent" of Count Three under United States v. Taylor, 142 S.Ct. 2015 (2022),[3] because "Hobbs Act Robbery Aiding & Abetting is 'no longer' a crime of violence;" (3) he received ineffective assistance of counsel because his attorney failed to conduct adequate legal research, failed to thoroughly review the Indictment, and failed to move to dismiss the fatally defective Indictment as to Counts Two and Three; (4) he received ineffective assistance of counsel at sentencing because his attorney failed to argue Petitioner was entitled to a downward variance or departure under U.S.S.G. §5G1.3(b) or (c) or U.S.S.G. §5K2.23 based on the Jail Time Credit that was credited to Petitioner's state but not federal sentence; (5) he received ineffective assistance of counsel because his attorney failed

---

[2] Accordingly, with the mandatory consecutive 7-year sentence for violation of § 924(c), Petitioner's minimum sentence would have been 264 months without the plea agreement.

[3] In Taylor, the Supreme Court found that held attempted Hobbs Act robbery does not categorically qualify as a crime of violence under § 924(c)(3)(A)'s force clause. 142 S.Ct. at 2021, 2025.

3

to object to the Court "literally altering and/or amending his Indictment" where he was charged with "use and carry in furtherance of a crime of violence" and actually convicted of aiding and abetting the possession and brandishing of a firearm; and (6) his attorney was ineffective for failing to file a notice of appeal "as instructed to do so" by Petitioner. [CV Doc. 1 at 4-9, 11-16, 18-21]. On this sixth ground for relief, Petitioner contends that Grounds One, Three, Four, and Five were not raised earlier because his attorney failed to appeal. [CV Doc. 1 at 17]. For relief, Petitioner asked that he be allowed to withdraw his guilty plea to Counts Two and Three and cure the ineffectiveness, that his 192-month sentence be vacated, or that the Court vacate his conviction on Count Three. [CV Doc. 1 at 23].

Petitioner addressed timeliness in his petition. [Id. at 22]. As to his second ground for relief, Petitioner argued that, under 28 U.S.C. § 2255(f)(3), his motion to vacate was timely filed within one year of the Supreme Court's decision in Taylor. As to Grounds One, Three, Four, Five, and Six, Petitioner argued that these claims were timely asserted under § 2255(f)(2) due to a "government impediment" and "his one year statute of limitations period did not start until he transferred to federal custody in November of 2022."[4] Petitioner also appears to claim that he did not have access "to his AEDPA statute of limitations period; the Rules Governing 2255 Proceedings; his federal property; and federal law library computers" until after April 22, 2022. [Id. at 22]. Petitioner argued, alternatively, that his motion to vacate should be deemed timely through equitable tolling "especially through the COVID-19 pandemic." [Id.].

On May 11, 2023, the Court concluded that Petitioner's motion to vacate was untimely. [CV Doc. 2 at 6-7]. Specifically, the Court found that Petitioner's conviction became final on

---

[4] Inexplicably, Petitioner also claims that his conviction became final on April 22, 2022. [CV Doc. 1 at 22].

4

April 23, 2021, and that he did not file his motion to vacate until nearly two years later. The Court also found that Taylor afforded Petitioner no relief because his predicate crime of violence was aiding and abetting Hobbs Act robbery, not attempted Hobbs Act robbery, and that there was no "government impediment" preventing him from timely moving to vacate based on Grounds One, Three, Four, Five, and Six. [Id. at 6]. Finally, the Court concluded that Petitioner had not stated adequate grounds for equitable tolling. [Id. at 7]. In so finding, the Court noted that Petitioner only vaguely referenced the COVID-19 pandemic and that "[i]gnorance of the law … does not excuse the failure to comply with or otherwise toll AEDPA's limitations period." [Id. (citation omitted)]. The Court, therefore, denied and dismissed Petitioner's motion to vacate with prejudice. [Id. at 8].

On June 12, 2023, Petitioner filed the pending motion to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, challenging the Court's denial of his motion to vacate. [CV Doc. 4]. As grounds, Petitioner argues (1) that "to prevent manifest injustice" this Court should amend its judgment as to Ground Two "even if this Court feels as if **Taylor** (2022), does not apply to Hobbs Act Robbery Aiding and Abetting" because the claim "is timely and should only be denied upon review of the merits;" (2) the Court clearly erred in determining Petitioner's motion to vacate was untimely under § 2255(f)(2) and "at minimum a C.O.A. should issue as to the timeliness of his 2255 Motion;" and (3) the Court clearly erred in finding equitable tolling did not apply and should "hold a prompt Evidentiary Hearing as to whether the COVID-19 pandemic could constitutes [*sic*] grounds" to apply equitable tolling. [CV Doc. 1 at 2-5 (emphasis in original)]. In support of this last ground, Petitioner submits his own Affidavit in which he recounts his movements from the date of sentencing, April 8, 2021, to the date he filed his motion to vacate, April 17, 2023. [CV Doc. 4-2]. That is, Petitioner states that, after he was sentenced,

5

he remained in state custody until November 2022, when he was transferred to federal custody. He arrived at FCI-Victorville in December 2022. Then, "after securing [his] federal legal material and getting access to a federal law library finding paralegal assistance, [he] was able to file [his] 2255 Petition." [Id. at ¶¶ 1-2]. Petitioner attests that, while he was in custody of the North Carolina Department of Corrections until November 2022, he had "no access" to the "AEDPA Statute of Limitations Period," to a 2255 Petition, to a federal law library, to the Rules Governing 2255 Proceedings, or to his federal legal materials. [Id. at ¶ 3]. Petitioner also attests that, while he was in state custody, he experienced multiple lockdowns and it was difficult to learn when he would be transferred to federal custody. He also attests that his transfer was delayed several times during COVID and "that was the reasoning as to why [his] federal legal materials were not allowed to be taken with [him] to state custody." [Id. at ¶ 4].

Under Rule 59(e):

> A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice."

Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)). Furthermore, "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Id. Indeed, the circumstances under which a Rule 59(e) motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'" Woodrum v. Thomas Mem'l Hosp. Found., Inc., 186 F.R.D. 350, 351 (S.D. W. Va. 1999) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995)).

Petition has not shown the existence of the limited circumstances under which a Rule 59(e) motion may be granted. That is, his motion does not present evidence that was unavailable when he filed his § 2255 motion. Rather, he provides previously available – though not submitted – additional information regarding circumstances that made it more difficult for him to timely file his motion to vacate. Nor does his motion stem from an intervening change in the applicable law. Furthermore, Plaintiff has not shown that a clear error of law has been made, or that failure to grant the motion would result in manifest injustice to him. See Hill, 277 F.3d at 708. Rather, Petitioner asks the Court to apply Taylor when it clearly does not and relies on his ignorance of the AEDPA limitations period and the lack of access to a Section 2255 form and a federal law library.[5] The Court, therefore, will deny Plaintiff's motion.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion to Alter or Amend Judgment [Doc. 4] is **DENIED**.

Signed: July 14, 2023

Kenneth D. Bell
United States District Judge

---

[5] The Court notes that Plaintiff easily could have requested a blank Section 2255 form from this Court, and it would have been provided.

7